**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tracy Lee Hurst-Castl,

Appellant

v.

Long Term Capital Partnership VI, LLC, et al.,

Appellees

Case No. 2:26-cv-00180-JAD

**Order re: Appellate Briefing**

ECF Nos. 16, 19, 21

Tracy Lee Hurst-Castl brings this appeal from the bankruptcy court's January 2026 rulings in her Chapter 11 case. Despite having been granted an extension of her opening-brief due date,[1] Hurst-Castl failed to file a timely opening brief, so the court ordered her to show cause why this case should not be dismissed.[2] Hurst-Castl responded that she had not received notice that her request to extend the deadline had been granted so she didn't know she was meant to file the opening brief, and she asks for permission to file her appendix 20 days after her opening brief.[3] Appellee The Law Offices of Kristina Wildeveld & Associates opposes these extensions, noting its "fatigue with Hurst's vexatious litigation tactics,"[4] and it argues that Hurst-Castl's lack of diligence merits dismissal, not further delay.[5] For its part, Appellee Long Term Capital

---

[1] ECF No. 13.

[2] ECF No. 14.

[3] ECF No. 16.

[4] ECF No. 22 at 2.

[5] *See generally* ECF No. 18.

Partnership VI, LLC asks that it be given 30 days after Hurst-Castl's appendix is filed to submit its answering brief.

While the circumstances surrounding Hurst-Castl's alleged non-receipt of the court's order raise many questions, and she should have filed her opening brief and appendix by her requested extended deadline of May 14, 2026, the court recognizes that she is a pro se litigant and that there is a strong preference for resolving matters on their merits. So the order to show cause[6] is deemed satisfied, the request to file the appendix separately and after the opening brief[7] is granted, and Hurst-Castl's request to file a sur-reply[8] is denied as moot. Hurst-Castl is cautioned that she must diligently monitor the status of this case and meet all future court-ordered deadlines. **Due to the delays already occasioned in this case by Hurst-Castl's lack of diligence, no further extensions of Hurst-Castl's briefing deadlines will be granted.** And because the opening brief is lengthy and raises numerous issues, Appellee Long Term Capital's request to enlarge the answering-brief deadline is also granted.

IT IS THEREFORE ORDERED that Hurst-Castl's Motion for Leave to File Appendix Separately from Appellant's Opening Brief **[ECF No. 16] is GRANTED; Hurst-Castl must file her appendix by September 14, 2026. Failure to file the appendix by September 14, 2026, may result in the dismissal of this case** for lack of prosecution and habitual failure to comply with court orders under Rule 8018(4) of the Federal Rules of Bankruptcy Procedure.

---

[6] ECF No. 14.

[7] ECF No. 16.

[8] ECF No. 21.

IT IS FURTHER ORDERED that the order to show cause [ECF No. 14] is deemed discharged, and Hurst-Castl's request to file a surreply in support of her response to the order to show cause **[ECF No. 21] is DENIED as moot.**

IT IS FURTHER ORDERED that Appellee Long Term Capital Partnership VI, LLC's motion to enlarge time **[ECF No. 19] is GRANTED. The deadline for any appellee to file an answering brief is 30 days after Hurst-Castl files her appendix.** Appellant Hurst-Castl will then have 14 days to file her reply brief in response to any appellee's answering brief.

U.S. District Judge Jennifer A. Dorsey
August 24, 2026